**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Clinton T. Eldridge,<br><br>Petitioner,<br><br>v.<br><br>Barbara Von Blanckensee, et al.,<br><br>Respondents. | No. CV-21-00081-TUC-RCC<br><br>**ORDER** |

This matter has been remanded by the Ninth Circuit for consideration of the merits of Petitioner Clinton T. Eldridge's Amended Petition for Writ of Habeas Corpus ("Amended Petition") (Doc. 4). (Doc. 37-1.) For the reasons stated below, the Court will deny the Petition.

**I. AMENDED HABEAS PETITION**

Petitioner is in custody pursuant to a 1984 judgment of the Superior Court of the District of Columbia, although he is housed in a federal penitentiary.[1] (Doc. 46-1 at 2.) Parole authority over felons convicted in the District of Columbia ("D.C.") is vested in the United States Parole Commission ("Commission"). Balanced Budget Act of 1997, Pub. L. 105-33, § 11231(a)–(b) (eliminating the D.C. Parole Board and assigning the Commission to hold parole hearings); D.C. Code § 24-131. The presumptive waiting period (or "set off") between parole hearings under the Commission's 2000 Guidelines for D.C. Code

---

[1] All individuals convicted of felonies under the District of Columbia Code in Superior Court are "designated by the Bureau of Prisons to a penal or correctional facility operated or contracted for by the Bureau of Prisons." D.C. Code § 24-101.

offenders is three years, 28 C.F.R. § 2.75(a)(1)(iv), whereas the presumptive set off for the D.C. Parole Board's 1972 Guidelines is one year, 28 C.F.R. § 2.80(p)(5). While incarcerated, Petitioner has had multiple parole board hearings before the Commission—in July 2010, October 2013, February 2016, June 2018, and September 2019.[2] (Doc. 4 at 6.) All but one resulted in a three-year set off. (*Id.*) Petitioner's June 2018 hearing provided for a one-year set off. (*Id.*)

Petitioner's Amended Petition alleges that in his 2016 and 2019 parole hearings, the Commission erroneously applied the Commission's 2000 guidelines, resulting in a three-year set off. (*Id.*) Instead, Petitioner believes the Commission should have used the D.C. Parole Board's 1972 guidelines and given him a one-year set off for each. (*Id.* at 6.) Furthermore, Petitioner asserts the Commission ordered a one-year set off in 2018 but used the same reasoning—that the waiting period was necessary because Petitioner was an untreated sexual predator—to order a three-year set off in 2019. (*Id.* at 7–8.) Finally, Petitioner claims the Commission should have placed him in a sex offender program in his 2010 parole hearing.[3] (*Id.* at 8.) Petitioner requests that the Court (1) order a parole hearing before September 2020 using the 1972 Guidelines, (2) transfer him to a facility with a sex offender program, and if a timely hearing does not occur, (3) order him immediately released. (*Id.* at 10; Doc. 4-1 at 1.)

## II. RELEVANT PAROLE HEARINGS

In 2016, the Commission denied parole because Petitioner had not completed a sex offender treatment program ("SOTP"). (Doc. 46-8 at 7.) The Commission stated that a three-year set off was necessary to allow time to complete a SOTP as well as drug and alcohol treatment classes "to address the underlying causes of [his] criminal behavior and [his] risk of re-offense." (*Id.* at 8.)  If these classes were unavailable at the U.S.P. Florence-Admax facility where Petitioner was housed, the Commission recommended Petitioner

---

[2] Since filing his Amended Petition, Petitioner has received an additional parole hearing wherein parole was denied in November 2022. (Doc. 46-20.)
[3] The Court does not address this argument. The argument that the Commission should have ordered sex offender treatment in 2010 was litigated in a previous § 2241 habeas and denied. (*See* Docs. 46-11 at 12–16; 46-12–46-14.)

participate in other programs as determined by the Bureau of Prisons. (Doc. 46-9 at 2.)

Petitioner was given an advance rehearing in November 2018 pursuant to a District of Columbia class action order in *Daniel v. Fullwood*, No. 10-CV-00862, Docs. 99, 100 (D.D.C. Feb. 13, 2018). (Doc. 46-16.) In that case, the district judge found that the Commission was granting set offs greater than the one-year presumptive waiting period to D.C. offenders in a majority of parole hearings conducted under the 1972 Guidelines. (*Daniel*, Doc. 99 at 7.) The district judge ordered rehearings for any qualifying prisoner who received greater than one-year set off. (*Id.* at Doc. 100.)

In the 2018 hearing, the Commission denied parole again, but recognized that this time Petitioner had already attempted to enroll in SOTP and requested a transfer to a facility where the appropriate programs were available. (Doc. 46-17.) Based on this information, the Commission ordered a rehearing in one year. (*Id.*)

At the 2019 parole proceedings, Petitioner still had not been transferred to a facility where he could participate in a SOTP. (Doc. 46-18 at 4, 8.) The Commission ordered a three-year set off because Petitioner was "an untreated sexual predator" and "to allow for the coordination of your transfer to a BOP Facility to allow for your participation and completion of a [SOTP]." (Doc. 46-19 at 2.)

Since filing on the instant habeas, Petitioner received another parole hearing in October 2022. (Doc. 46-20.) The Commission denied parole again, noting that Petitioner still had not participated in a SOTP, admitted to drug use shortly before the hearing, and—contrary to his previous admissions—denied committing the offenses for which he was incarcerated. (*Id.*) The Commission once again ordered a three-year set off period "to protect the public, to allow sufficient time for you to complete the recommended programming, and to allow sufficient time for you to demonstrate you can abide by the rules of the institution for a sustained period of time." (*Id.*)

### III. STANDARD OF REVIEW

"A § 2241 habeas petition challenges the execution of a criminal sentence on grounds that a prisoner 'is in custody in violation of the Constitution or laws or treaties of

the United States.'" *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 988 (9th Cir. 2002) (quoting 28 U.S.C. § 2241(c)(3)). "[A] § 2241 habeas petition is generally the proper method for obtaining judicial review of parole decisions." *Id.* (citing *Izsak v. Sigler*, 604 F.2d 1205, 1206 n.1 (9th Cir. 1979) ("Habeas corpus, an attack on the legality of incarceration and not a collateral attack on judgment, is the proper vehicle for attacking Parole Commission action.")). However, "[a] federal court's jurisdiction to review the Parole Commission's decisions 'is limited. [The district court only] determine[s] whether the Commission exceeded its statutory authority or acted so arbitrarily as to violate due process.'" *Williams v. Ives*, No. CV 15-5116-GW (AGR), 2017 WL 1030114, at *5 (C.D. Cal. Jan. 31, 2017), *report and recommendation adopted*, No. CV 15-5116-GW (AGR), 2017 WL 1023339 (C.D. Cal. Mar. 14, 2017) (quoting *Benny*, 295 F.3d at 981–82)). "[J]udgments involving a broad range of factors that the Commission takes into account in arriving at its decision are committed to the Commission's discretion and are unreviewable, even for abuse of discretion." *Id.* (quotation marks omitted)

As of October 2015, a prisoner convicted prior to March 1985, "may receive a parole determination using the parole guidelines in the 1972 regulations of the former District of Columbia Board of Parole." 28 C.F.R. § 2.80(p). When applying the 1972 Guidelines to qualifying prisoners, the guidelines for D.C. code offenders provides:

> A prisoner who committed the offense of conviction on or before March 3, 1985 who is not incarcerated as a parole violator and is serving a maximum sentence of five years or more who was denied parole at their original hearing *ordinarily* will receive a rehearing one year after a hearing conducted by the U.S. Parole Commission. In all cases of rehearings, the U.S. Parole Commission may establish a rehearing date *at any time it feels such would be proper*, regardless of the length of sentence involved. No hearing may be set for more than five years from the date of the previous hearing.

28 C.F.R. § 2.80(p)(5) (emphasis added); *see also* 9 D.C.R.R. § 103 (1972) (same). The 1972 Guidelines does not mandate when the Commission should deviate from the one-year presumptive waiting period, but grants discretion to the Commission as long as the set off date does not exceed five years.

- 4 -

## IV. DISCUSSION

As a preliminary matter, Petitioner's Amended Petition must be denied as moot because the Court cannot grant Petitioner the relief he seeks. "A federal court does not have jurisdiction to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) (citation and quotation marks omitted). An issue is moot and must be dismissed when "an event occurs that prevents the court from granting effective relief." *Id.* In a § 2241 habeas petition, the appropriate remedy for the Commission's parole hearing error is a new parole eligibility hearing." *See, e.g., Benites v. U.S. Parole Com'n*, 595 F.2d 518, 520, 521 (9th Cir. 1979) (upholding district court's grant of partial habeas relief in the form of a new parole eligibility hearing where parole commission applied incorrect criteria in denying parole); *John v. U.S. Parole Com'n*, 122 F.3d 1278, 1284 (9th Cir. 1997) (ordering new parole revocation hearing after finding violation of due process rights on § 2241 petition); *Jessup v. U.S. Parole Com'n*, 889 F.2d 831, 834 (9th Cir. 1989) (ordering new hearing after finding due process violation based on lack of notice).

Petitioner asks for (1) a parole hearing by 2020, (2) transfer to a facility with a SOTP, and (3) immediate release. Petitioner received a successive parole hearing in November 2022, and was denied parole. (Doc. 46-20.) Petitioner has also been transferred to an institution providing the treatment programs suggested by the Commission. (*See* Docs. 46-23; 46-19–20 (showing transfer from Florence USP-Admax to Tucson USP).) And immediate release is not available as a remedy here. *See Williams v. Ives*, 2017 WL 1030114, at *9 (C.D. Cal. Jan. 31, 2017) ("Petitioner requests immediate release from custody. That remedy is inappropriate. The remedy for a procedural due process violation is ordinarily a remand to the Parole Commission for a new hearing."). Because the relief requested is either inappropriate or has already been provided, this matter has been mooted.

But even if the issue was not moot, contrary to Petitioner's allegations, the Commission did use the D.C. Parole Board's 1972 Guidelines during the 2016 and 2019

parole hearings—but decided that an extended three-year set off was appropriate. (*See* Doc. 46-8 at 2; Doc. 46-18 at 2, 6, 11; *see* Doc. 46-7.)

Furthermore, the Commission had a rational basis for allowing for a three-year set off in 2016 and 2019. In both hearings the Commission noted that Petitioner needed to complete a SOTP and drug and alcohol programs. And in 2016, the Commission determined an extended set off was necessary for completion. But in 2018, in accordance with the class action order, the Commission provided a one-year set off. However, this did not prevent the Commission from reassessing that time frame in 2019, when Petitioner still had neither been transferred nor completed the treatment programs. The Commission explained in 2019 that it was "exceeding the normal rehearing schedule" because Petitioner was "an untreated sexual predator" and a three-year set off was necessary "to allow for the coordination of your transfer to a [Bureau of Prisons] Facility to allow your participation and completion of a Sex Offender Treatment Program prior to your release to the Community." (Doc. 46-19 at 2.) The Commission noted additional delays that may occur even though he had requested a transfer. The Commission observed that "without a projected release date it appears he is unlikely to be placed on a transfer list or even [be] able to immediately [be] admitted into a sex offender treatment program." (Doc. 46-18 at 8.) The previous year had shown that one year was insufficient time for his transfer to a facility with an SOTP and acceptance into and completion of the SOTP, drug, and alcohol programs. Despite reconsidering and granting a one year set off once, the prolonged and continued inability to transfer Petitioner and for him to receive the required treatment allowed for an extended set off. This set off period was rational and did not exceed the five-year limitation set in the 1972 Guidelines and therefore did not violate Petitioner's rights.

Finally, regardless of whether Petitioner received a one- or three-year set off, Petitioner has not demonstrated that the time between parole hearings extended the length of his sentence. Therefore, the three-year set off period is not an ex post facto change that would violate Petitioner's constitutional rights. *See Gilman v. Brown*, 814 F.3d 1007, 1016

(9th Cir. 2016) ("[A] decrease in the frequency of parole hearings—without more—is not sufficient to prove a significant risk of lengthened incarceration."). Petitioner is serving a 38- to 120-year sentence. Since filing this habeas petition, Petitioner has been once again denied parole, still has not completed the recommended programming, and now denies culpability for the convicted crimes and admitted to drug use. Thus, prolonging the time between hearings has had no effect on his length of incarceration.

Accordingly, IT IS ORDERED Petitioner Clinton T. Eldridge's Amended Petition for Writ of Habeas Corpus ("Amended Petition") is DENIED. (Doc. 4.)

Dated this 7th day of June, 2024.

_____
Honorable Raner C. Collins
Senior United States District Judge